UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Monica L Dickerson-Floyd,<br>    Debtor.<br>U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST<br> Movant,<br>v.<br>Monica L Dickerson-Floyd,<br>           Debtor/Respondent,<br>KENNETH E. WEST<br>Trustee/Respondent. | Bankruptcy No. 23-11180-amc<br><br>Chapter 13 |

### STIPULATION RESOLVING MOTION TO VACATE ORDER ON MOTION FOR RELIEF FROM STAY

Secured creditor, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, and Monica L Dickerson-Floyd, "Debtor(s)" by and through their respective attorneys, hereby stipulate as follows:

**I.    BACKGROUND:**

1. On May 27, 2004, Monica L Dickerson-Floyd, executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $66,500.00.

2. The Mortgage was recorded on June 3, 2004, with the Delaware County Recorder of Deeds.

3. The Mortgage was secured as a lien against the property located in Delaware County commonly known as 218 Le Carra Dr Lansdowne, PA 19050 (the "Property").

4. The Note and Mortgage were lastly assigned to U.S. BANK TRUST NATIONAL ASSOCIATION,

NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST.

5. On January 4, 2024, Secured Creditor filed a Certification of Default (Doc.: 42) due to a post-petition default of the Debtor

6. On January 30, 2024, this Court entered an Order Granting Motion for Relief from Stay (Doc.: 49).

7. On February 7, 2024, Debtor filed the instant Motion to Vacate the Order Granting Motion for Relief from Stay.

8. Secured Creditor and Debtor desire to resolve Debtor's Motion to Vacate Order Granting Motion For Relief From Stay in accordance with the set forth terms below:

II. **STIPULATION FOR RELIEF FROM STAY**

9. Secured Creditor and Debtor agrees that the entry of this Stipulation shall vacate the Order Granting Motion for Relief from Stay (Doc.: 49). The Automatic Stay as provided by Section 362 of the Bankruptcy Code with respect to Secured Creditor's interest in the real property located at 218 Le Carra Dr Lansdowne, PA 19050 shall be in full force and effect.

10. Debtor(s) has since cured the post–petition arrearage of $2,228.22 and made payments for January 1, 2024 through May 1, 2024.

11. Starting June 1, 2024, Debtor agrees to maintain all post-petition installment payments due to Secured Creditor.

12. In the event that Debtor converts to a Chapter 7 during the pendency of this Bankruptcy case, the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion. Should the Debtor fail to cure the arrearage, Secured Creditor will send Debtor's counsel a written notification of default of this Stipulation. If the default is not cured within fifteen (15) days of the notice, Secured Creditor may file a Certification of Default with the Court

and the Court shall enter an Order granting relief from the Automatic Stay.

13. In the event the Debtor should default on his obligations under this Stipulation by failing to comply with the provisions of this Stipulation and/or tender in full any of the payments described in this Stipulation on or before the dates on which they are due, then Secured Creditor, its successors and/or assigns shall serve Debtor's Attorney by fax, e-mail and/or regular mail, with written notification of default.  In the event that Debtor fails to cure the default within fifteen (15) days of the date of the written notification, then, Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, whereupon Secured Creditor or its assignee or successors may exercise its rights against the Mortgaged Property under the terms of this Stipulation without further notice to Debtor or the Order of this Court.

14. Additionally, Debtor agrees that he is not permitted more than two (2) defaults from the date of the Stipulation.  Debtor agrees that if he defaults under the terms of this Stipulation more than two (2) times, then, without any further notice, Secured Creditor, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, whereupon Secured Creditor, its successors and/or assigns may exercise its rights against the Mortgaged Property under the terms of this Stipulation.

15. Neither Secured Creditor's consent to this Stipulation nor Secured Creditor's acceptance of any payments tendered by Debtor shall be construed as a waiver of Secured Creditor's right to proceed with or commence a foreclosure other legal action against Debtor under this Stipulation; however, Secured Creditor agrees to credit Debtor's account for any payments made by Debtor in accordance with this Stipulation, the Note and/or Mortgage.

16. This Stipulation may only be modified by a revised Stipulation filed on the docket in the

Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

17. Debtor hereby certifies and confirms that he has reviewed the terms of the Stipulation with his Counsel that Debtor understands and is in agreement with the terms of this Stipulation, and that counsel has been authorized by Debtor to sign this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Michelle L. McGowan            Date: 5/17/2024
Michelle L. McGowan
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA I.D 62414
13010 Morris Rd.
Suite 450
Alpharetta, GA 30004
Email: mimcgowan@raslg.com
*Attorney for Movant*

/s/ Brad J. Sadek            *with express permission*
BRAD J. SADEK
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
Telephone: 215-545-0008
Email: brad@sadeklaw.com